NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD EDWARDS, | No. 20-15190 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05440-DWL-CDB |
| v. | |
| JACKSON, Counselor, individual and official capacity; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| TODD THOMAS, Warden, individual and official capacity, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted January 20, 2021**

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Harold Edwards appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Edwards's claim alleging deliberate indifference to safety because Edwards failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk of serious harm to Edwards. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be held liable for deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

The district court properly dismissed Edwards's conditions-of-confinement and right-to-privacy claims arising from cross-gender observations because Edwards failed to allege facts sufficient to show that the observations amounted to an unnecessary and wanton infliction of pain, or were not infrequent, casual, or reasonably related to a legitimate penological interest. *See Michenfelder v.*

*Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1998) (explaining that "prisoners retain a limited right to bodily privacy" and discussing standard for right-to-privacy claim); *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (the Eighth Amendment prohibits only "the unnecessary and wanton infliction of pain"; the court must ask "if the officials acted with a sufficiently culpable state of mind" and "if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation" (citation and internal quotation marks omitted)).

We do not consider Edwards's equal protection claim because Edwards did not replead this claim in the operative first amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (claims dismissed with leave to amend are waived if not repled).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-15190